[Decided December 3, 1894.]

## DARLING v. VULCAN IRON WORKS.
[S. C. 38 Pac. 342.]

APPRENTICE — DAMAGES FOR WRONGFUL DISCHARGE.— Under articles of apprenticeship allowing a master to retain ten per cent. of the apprentice's wages till the expiration of the contract, to be forfeited if he leaves the service without the master's consent, or is discharged for any wilful violation of the contract, and giving the master the right to terminate the contract at any time on paying the apprentice the amount standing to his credit, if the master arbitrarily discharges the apprentice without making such payment, he is liable, not only for the amount standing to the apprentice's credit, but also for all damage sustained by him by reason of his discharge.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action for damages by an apprentice for a wrongful dismissal and failure to instruct. By a deed of apprenticeship the plaintiff Chas. C. Darling bound himself as an apprentice to the Vulcan Iron Works, to learn the trade or business of a machinist, for the term of four years from the fifth day of September, eighteen hundred and eighty-nine, and defendant covenanted to instruct the plaintiff and pay him wages at a certain specified rate during the term. It was provided in the deed that at each regular pay day the defendant should retain, as security for the full and faithful performance by plaintiff of his duty, ten per cent. of the amount due him as wages, which should, at the end of each year, be placed to his credit on the books of the company, and bear interest at six per cent. per annum until the expiration of the term, when the amount so retained, and interest, should be paid to him unless he should, in the mean time, leave its service without the consent of the defendant, or be discharged for a wilful violation of any of the terms of the deed, in which case the retained percentage should be forfeited to the defendant as liquidated damages. The deed also contains a stipulation that the defendant "may terminate such apprenticeship or employment as aforesaid at any time during the term by paying up all arrears as they stand credited upon the books of the company." The complaint alleges a breach of the contract of apprenticeship on the part of defendant (1) in the failure to properly instruct the plaintiff, as provided in the contract; (2) by wrongfully dismissing him before the termination of the period of apprenticeship; and (3) by the failure to pay him, at the time of his discharge, the amount of arrears credited to him upon the books of the company. By its answer the defendant denied that it had failed to instruct the plaintiff or that it had discharged him, and alleged that he left its service without cause or permission, and in conse-

quence thereof had broken his contract and forfeited to the defendant all sums of money retained by it under the terms of the contract. The jury found that plaintiff did not voluntarily leave the service of the defendant, but that he was dismissed or discharged by it, and assessed his damages at the sum of two hundred and ninety-one dollars and seventy-nine cents, including therein the wages withheld by defendant, which at the time of his dismissal amounted to ninety-two dollars and seventy-nine cents. A judgment having been entered upon the verdict, the defendant appeals.                                    AFFIRMED.

Mr. *Robert Treat Platt* (*Messrs. Durham, Platt & Platt* on the brief), for Appellant.

Mr. *Alfred F. Sears, Jr.* (*Messrs. McGinn, Sears & Simon* on the brief), for Respondent.

Opinion by MR. CHIEF JUSTICE BEAN.

The only assignment of error is predicated on the interpretation by the trial court of the clause in the contract which provides that defendant may terminate the apprenticeship at any time by paying up all arrears as they stand credited on the books of the company. The court charged the jury that "the defendant had no right to discharge this man without returning to him his deposit. They could discharge him, however, lawfully, at any time, and without giving any reason for it, by paying him this deposit; but if they did discharge him, and still retain this deposit, they are wrongdoers, and may be held responsible for such damages, in addition to the ten per cent., if there was any, as he has sustained in consequence of his dealings with them. If the plaintiff left the services of the defendant without leave, abandoned them, gave up his enterprise in learning his trade, he forfeited his ten per

cent., the money which the defendant has retained out of the monthly payments, and it may be retained by them; but if he did not leave without consent, but was discharged, sent away without this ten per cent. being paid to him, then the defendant is liable to such damages as he has sustained in consequence of his discharge, in addition to the ten per cent., if there was anything more, loss of business, loss of opportunities to learn the trade, the jury may estimate it, if they can, and find from the testimony what it should be, and return a verdict accordingly." The contention for the defendant is that by the terms of the contract it had a right to discharge the plaintiff at any time, and if it did so without paying him the balance due for wages, the measure of damages to which he would be entitled for such dismissal is the amount of such retained wages and interest. But, in our opinion, the contract did not give it that right. By the deed the defendant reserved the right to terminate and put an end to the apprenticeship at any time by paying over to plaintiff all the arrears due him, as shown by the books of the defendant, but it did not reserve the right to dismiss him without doing so. The law implies, as a condition of the contract, that the defendant shall not wrongfully dismiss plaintiff, and any dismissal without sufficient cause, except in the manner provided in the contract, would be a wrongful dismissal, and a breach of this condition. By the express terms of the deed the apprenticeship was to continue for four years, unless the defendant should see proper to exercise the option given it to terminate and put an end thereto at any time on condition that it pay to plaintiff all arrears due him. Until it did so, and availed itself of this option, the contract continued in full force and effect, and if, during the continuance thereof, the plaintiff was wrongfully discharged, it was a breach of the contract, and he was entitled to recover for all damages naturally flowing there-

from.   It will be observed that the contract does not provide for the discharge of the plaintiff at the will of the defendant, but only that it may, on the performance of a certain condition, terminate and put an end to the relationship of master and apprentice.   It did not avail itself of this option, or, in discharging the defendant, act under this clause of the contract, but wrongfully and without cause dismissed him; and, in our opinion, it is no defense that it had the option to terminate the contract at any time upon the performance of a certain condition which it did not even endeavor to comply with.

The case of *Maw* v. *Jones*, 25 Q. B. Div. 107, is similar in many respects to the case at bar.   That was a case where, by a deed of apprenticeship, the plaintiff bound himself as apprentice to the defendant to learn the business of draper for the term of four years from May, eighteen hundred and eighty-seven, and the defendants covenanted to instruct him and provide him with food and lodging during that time.   It was provided in the deed that if, during the term, the plaintiff showed want of interest in his work, it should be lawful for the defendant to cancel the deed upon giving him a week's notice.   Before the expiration of the term, the defendants summarily, and without any notice, dismissed the plaintiff, assigning as the reason therefor that he had been guilty of frequent acts of insubordination, and had gone out nights without permission. In an action for wrongful dismissal the jury found that the plaintiff had not been guilty of the misconduct imputed to him, and that no grounds existed justifying the defendants dismissing him without notice, but that grounds did exist which would have justified them in dismissing him after a week's notice.   On the question of the measure of damages it was contended that, the deed having provided that defendants might dismiss the plaintiff at a week's no-

tice, if he showed want of interest in his work, and the jury having found that he did show such want of interest, the damages to which he is entitled for wrongful dismissal were the value of a week's notice, which the defendants omitted to give. The court, however, held this position to be unsound, because the defendants did not act under the notice clause, or dismiss the plaintiff on that ground, and therefore he was wrongfully dismissed, and entitled to recover for all the damages flowing naturally from the breach; and, considering what that would include, the jury might take into account the difficulty the plaintiff, as a discharged apprentice, would have in obtaining employment elsewhere. And a direction by the trial judge that, although the jury might take into consideration as an element in the case the fact that the defendant would have been justified in dismissing the plaintiff with a week's notice, they were not bound to limit the damages to the value of a week's notice which he had lost, was held not a misdirection. It follows there is no error in the record and the judgment is affirmed.        AFFIRMED